**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **BERNADETTE NOGA**<br>**Plaintiff,**<br><br>**v.**<br><br>**LAWRENCE G. SANTILLI, ET AL.**<br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **No. 3:20-cv-00780 (VLB)**<br><br>**SEPTEMBER 25, 2020** |

**ORDER GRANTING MOTIONS TO DISMISS, [ECF NOS. 13, 15]**

**Plaintiff Bernadette Noga brings this case alleging that Defendant Webster Manor Rehabilitation and Healthcare Center ("Webster Manor") and its owner Lawrence G. Santilli, and others, have unlawfully imprisoned her at Webster Manor, causing her various injuries and violating her rights. [ECF No. 1 at 1-2].**

**Because Plaintiff Bernadette Noga lacks the capacity to initiate this action, the Court grants Defendants' Motions to Dismiss. [ECF Nos. 13, 15]. In addition, even if Plaintiff had the capacity to bring this action, the Court must abstain from exercising jurisdiction over this case, and so dismisses it.**

**"Federal courts are courts of limited jurisdiction. . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("Objections to a tribunal's**

**jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).**

**A "district court must take all uncontroverted facts in the complaint [] as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings. . . ." *Id*. "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*.**

**PLAINTIFF'S LACK OF CAPACITY TO BRING THIS ACTION**

**Defendants argue in their motions to dismiss, [ECF Nos. 13, 15], that Plaintiff has no standing to sue now that a conservator has been appointed, citing Conn. Gen. Stat. § 45a-655, and Federal Rule of Civil Procedure 17(c)(1). The Court agrees. Both sources of authority clearly indicate that it is the conservator who is the proper, real party in interest in suing, not the conserved person. Therefore, the Court agrees that "[w]ithout proper capacity to bring this action, the Court lacks subject matter jurisdiction over this claim, and it must be dismissed." [ECF No. 14 at 10].**

**THE PROBATE EXCEPTION TO JURISDICTION**

**"[T]he federal courts have no probate jurisdiction and have sedulously refrained, even in diversity cases, from interfering with the operations of state tribunals invested with that jurisdiction." *Harris v. Zion's Sav. Bank & Trust Co*., 317 U.S. 447, 450 (1943).**

**"According to the probate exception, a federal court has no jurisdiction to . . . entertain any action that would interfere with probate proceedings pending in a state court." *Monahan v. Holmes*, 139 F. Supp. 2d 253, 259 (D. Conn. 2001) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)); *see also* Martin H. Redish, 15A *Moore's Federal Practice* § 102.92 (The Probate Exception) (MB 2020) (same).**

**"Where a plaintiff 'seeks to mask in claims for federal relief her complaints about the maladministration of [an estate by a probate court],' the probate exception to federal jurisdiction will apply." *Leskinen v. Halsey*, No. CV 12-623 (JFB) (ETB), 2013 U.S. Dist. LEXIS 31977, at *24 (E.D.N.Y. Jan. 28, 2013) (quoting *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007)). *See also Chung v. Sano*, No. 10 Civ. 2301, 2011 U.S. Dist. LEXIS 34870, at *17 (E.D.N.Y. Feb. 25, 2011), *adopted by* 2011 U.S. Dist. LEXIS 34989 (E.D.N.Y. Mar. 31, 2011) (finding that certain causes of action were rightly dismissed under the probate exception because they sought to "take over the administration of estate assets" in probate court); *Lefkowitz*, 528 F.3d at 107 (probate exception necessitated dismissal of causes of action based on probate court's alleged failure to properly distribute assets to plaintiff under terms of will); *Barash v. Northern Trust Corp*., No. 07 Civ. 5208, 2009**

**U.S. Dist. LEXIS 73602, at *13 (E.D.N.Y. Mar. 6, 2009) (finding court lacked subject matter jurisdiction under the probate exception over dispute that "turn[ed] singularly" whether a probate court had mismanaged a trust).**

**"Where, as here, the resolution of an action would require a federal court to become involved in matters generally reserved to a probate court, the federal court lacks subject matter jurisdiction over the action, even if the plaintiff has not made a specific request that the federal court probate the will at issue." *Leskinen*, 2013 U.S. Dist. LEXIS 31977, at *25 (citing *Lefkowitz*, 528 F.3d at 105).**

**"[T]o the extent that a plaintiff's claims are barred by the probate exception, such claims may be dismissed without taking into consideration the merits of said claims." *Id.* at *19 (citing *Kennedy v. Trustees of the Testamentary Trust of the Last Will and Testament of Pres. John F. Kennedy*, 633 F. Supp. 2d 77, 82 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010) (dismissing claim pursuant to probate exception without any consideration of merits of dismissed claim)).**

**Here, Plaintiff's claims are rooted in the State of Massachusetts' probate court's decision to appoint a guardian and conservator for Plaintiff, who have steadfastly refused to authorize Plaintiff's removal from Webster Manor. Plaintiff concedes as much, noting that she is "willing to drop all aspects of this case" if found to have the capacity to do so. [ECF No. 36 at 6]. Plaintiff thus concedes that her avenue for relief is best found in the Massachusetts probate court, where her case is pending, rather than here. The Court agrees with Defendants that "[to] the extent the Plaintiff disagrees with the decision making exercised by these [probate]**

**court appointed individuals, her relief lies in the Massachusetts Probate Court and not in Connecticut District Court." [ECF No. 31 at 2]. Further, during the Parties' Rule 26(f) scheduling conference, "Plaintiff's counsel represented that she was in possession of medical reports that could have significant bearing on the Massachusetts Probate Court's decision to appoint a conservator and guardian for Bernadette Noga," indicating that Plaintiff is already committed to fighting her battle in the appropriate court, the Massachusetts probate court, which means that the Court must dismiss this case pursuant to the probate exception.**

**PRIOR PENDING STATE CASE, OR *COLORADO RIVER*, ABSTENTION**

**This matter also implicates the *Colorado River* abstention doctrine. Although the parties have not addressed this doctrine, it is of no moment because a district court may *sua sponte* challenge subject matter jurisdiction, including through abstention principles. *See F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999) (finding that a district court or appellate court could *sua sponte* address subject matter jurisdiction and applying *Colorado River* abstention principles).**

**A federal court may, in certain circumstances, abstain from exercising jurisdiction over a claim properly brought before it, but the abstention doctrine "comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction . . . ." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001)). One narrow**

**exception to the general obligation to exercise jurisdiction is when a parallel state court action is pending. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). In *Colorado River*, the Supreme Court held that a "federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation.'" *Niagara Mohawk Power Corp.*, 673 F.3d at 100 (quoting *Colorado River*, 424 U.S. at 817-18). When determining whether to abstain from exercising jurisdiction, courts are required to consider the following factors:**

> **(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.**

***Niagara Mohawk Power Corp.*, 673F.3d at 101 (quoting *Woodford*, 239 F.3d at 522). However, a court's decision to decline jurisdiction "does not rest on a mechanical checklist," but rather depends on "a careful balancing of the important factors as they apply in a given case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Therefore, in addition to the six criteria, courts consider a wide variety of factors when conducting the abstention analysis.**

**Before analyzing the specific factors, "a court must make a threshold determination that the federal and state court cases are 'parallel.'" *Dalzell Mgmt. Co., Inc. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590, 597 (S.D.N.Y. 2013) (quoting *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). "Federal and state**

**proceedings are 'parallel' for abstention purposes when the two proceedings 'are essentially the same,' meaning that 'there is an identity of parties, and the issues and relief sought are the same.'" *Id.* (quoting *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012)). However, to be parallel the proceedings need not be identical. "Lawsuits are considered 'parallel' if 'substantially the same parties are contemporaneously litigating substantially the same issue' in both forums." *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 182 (E.D.N.Y. 2012) (quoting *Dittmer*, 146 F.3d at 118). Therefore, "[c]omplete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." *GBA Contracting Corp. v. Fid. & Deposit Co.*, No. 00-cv-1333(SHS), 2001 WL 11060, at *1 (S.D.N.Y. Jan. 4, 2001).**

**Here, the case here and the case before the Massachusetts probate court are "parallel" in the sense that Plaintiff has conceded that if she is able to persuade the probate court to find her competent, she will drop this case. [ECF No. 36 at 6]. Moreover, the probate case remains pending, it was brought first, and Massachusetts state law controls whether Plaintiff is held competent or not. Under these conditions, the Court must abstain from asserting jurisdiction and dismiss this case.**

**CONCLUSION**

**For the foregoing reasons, the Court Grants Defendants' Motions to Dismiss and dismisses this case for lack of subject matter jurisdiction. The Clerk is directed to close this case.**

**IT IS SO ORDERED**

_____________***/s/***_______________

**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: September 25, 2020**